## 63099. CHAMBERS et al. v. McDONALD.

CARLEY, Judge.

Appellee propounded his "First Set of Post Judgment Interrogatories to [appellants]" pursuant to Code Ann. § 81A-169. Of the four interrogatories, the following three are relevant in the instant appeal: "2. State the complete name of each individual, partnership, corporation or other entity by which [appellant] Robinson . . . is employed or with which he is associated in business . . . 3. With respect to each bank account from which [appellant] Chambers or [appellant] Robinson . . . is authorized to withdraw funds, alone or with others, please state the following: a. The full name and address of the bank; b. The number of the account; c. The full name and address of each person authorized to withdraw funds from said account . . . 4. With respect to each debt owed to [appellant] Chambers or [appellant] Robinson . . ., please state the following: a. The full name and address of each individual, partnership, corporation or other legal entity owing such debt; b. To whom the debt is owed; c. The amount of the indebtedness."

Appellant Robinson filed a motion for protective order, supported by affidavit, asserting that answers to interrogatories 2, 3 and 4 "might tend to incriminate him." Appellant Chambers filed verified answers to the interrogatories 1 and 2 but as to numbers 3 and 4 he objected "on the grounds that to answer . . . might tend to incriminate him . . . ." Appellee then filed a "Motion For Order Compelling [Appellants] to Answer Interrogatories" and sought reasonable expenses for the obtaining of such an order. The trial court granted appellee's motion for an order compelling appellants to answer the interrogatories and for reasonable expenses and denied appellant Robinson's motion for a protective order. Appellants appeal.

1. It is essentially appellants' position that, having determined for themselves that answering the interrogatories would "tend to incriminate" them, the trial court was without authority to compel them to answer. "[I]n a civil action the burden is on the reneging defendant to consider each question separately and state his general reason for refusal to answer if he refuses, at which point the trial judge may decide either that the question *might* be incriminating under certain circumstances (whether or not the defendant had in fact committed any crime) or whether or not the line of questions as a whole, and as a matter of law, might so tend. Thus, in a civil case, the discretion of neither [the reneging defendant nor the trial judge] is absolute . . . What is impermissible is that the defendant merely slide out of his obligations by a brash assertion that any and all questions

directed to him would tend to incriminate him, regardless of the likelihood of such result." *Tennesco, Inc. v. Berger,* 144 Ga. App. 45, 47-48 (240 SE2d 586) (1977). It is clear that the interrogatories in the instant case did not constitute or evidence "extensive questioning concerning financial affairs" of a nature tending, as a matter of law, to incriminate appellants. Compare *Mallin v. Mallin,* 227 Ga. 833 (183 SE2d 377) (1971); *Prince & Paul v. Don Mitchell's WLAQ,* 127 Ga. App. 502 (194 SE2d 269) (1972); *Busby v. Citizens Bank,* 131 Ga. App. 738 (206 SE2d 640) (1974). On the contrary, the interrogatories objected to by appellants appear on their face to be clearly within the ambit of Code Ann. § 81A-169, which is "to aid a litigant to recover on a liability which has been established by a judgment and any question that seeks information which would lead to any property or sources of income of the judgment debtor is pertinent and allowable. [Cit.]" *Aldridge v. Mercantile Nat. Bank,* 132 Ga. App. 788, 789 (209 SE2d 234) (1974). Accordingly, the trial court did not err in failing to hold that, as a matter of law, appellants' broad and conclusory allegations of incrimination were sufficient. See *Johnson v. Heifler,* 149 Ga. App. 860, 861 (2) (256 SE2d 143) (1979). Under the circumstances of this case, the burden was on appellants to state the general reason for their refusal to answer and to specifically establish that "a real danger of incrimination [existed] with respect to each question." Capitol Products Corp. v. Hernon, 457 F2d 541, 544 (8th Cir. 1972) (construing the analogous Federal Rule 69 and cited with approval in *Tennesco,* 144 Ga. App. 45, 48, supra.) This appellants did not do, relying merely upon the "brash assertion" that answers to the questions "might tend to incriminate" them. It was not error under these circumstances to compel appellants to answer the interrogatories. *Johnson,* 149 Ga. App. 860, 861 (2), supra.

2. We find no error in the trial court's award of reasonable expenses to appellee. See generally *Marchman v. Head,* 135 Ga. App. 475 (218 SE2d 151) (1975).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 23, 1982.

*John W. Chambers, Jr.,* for appellants.
*Louis F. McDonald,* for appellee.