## 63969. MYERS v. DEPARTMENT OF HUMAN RESOURCES.

QUILLIAN, Chief Judge.

The respondent, Harry Myers, brings this appeal from the judgment of the trial court, striking his answer and entering a default judgment for failing to comply with a court order on petitioner's motion to compel respondent to answer interrogatories and to submit to a Human Leucocyte Antigen (H.L.A.) blood test.

The State of Georgia, ex rel. Leslie Carter, brought this petition for recovery of child support paid to Leslie Carter, alleging the respondent Harry Myers was the father of the child. Respondent answered and denied the allegation of paternity. The State filed requests for interrogatories and an H.L.A. blood test. Respondent failed to comply. The State filed a Motion to Compel and the record reflects respondent was served. A Summons and Rule Nisi, dated November 10, 1981, was filed with the court on November 12. A Notice of "the attached Motion to Compel," dated November 10, 1981, and a Motion to Compel Blood Test, dated November 10, 1981, were served on respondent's attorney November 10, 1981. The court's order shows respondent was represented by his attorney at the hearing who "asked no questions, made no motion for continuance and produced no evidence for said defense." The court found for the petitioner and the defendant appeals. *Held:*

The single enumeration alleges the trial court erred in entering its Motion to Compel order, striking respondent's answer and entering a default judgment "in light of the absence of notice to appellant." On appeal respondent's counsel argues "[t]he issue in this case is whether or not this Appellant has been denied procedural due process in that he did not receive notice actually calculated to apprise him of the time and place of hearing." Our CPA (Code Ann. § 81A-105 (b); Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229) provides that whenever service is required or permitted to be made upon a party represented by an attorney, that service shall be made upon the attorney unless service upon the party is ordered by the court. Service in the instant case was made upon respondent's attorney and this was

sufficient. See *Tootle v. Player,* 225 Ga. 431 (3) (169 SE2d 340); *Roberts v. Roberts,* 226 Ga. 203, 205 (173 SE2d 675); *Berman v. Berman,* 233 Ga. 76 (209 SE2d 622).

" 'The burden is on him who asserts error to show it affirmatively by the record.' " *Hancock v. Oates,* 244 Ga. 175, 176 (259 SE2d 437). Respondent has failed to meet this burden. The record shows service was made. No transcript was filed, because, as stated in the Notice of Appeal, "[t]here was no transcript of evidence."

There is no requirement that testimony in a civil case be transcribed. *Harrington v. Harrington,* 224 Ga. 305 (2) (161 SE2d 862). The respondent here apparently failed to make arrangements for transcription. See *Giddings v. Starks,* 240 Ga. 496 (241 SE2d 208). In the absence of a transcript we must assume the trial court's action would be supported by the record. *Aviation Electronics v. U. S. Energy Conservation Systems,* 242 Ga. 224 (248 SE2d 610).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JULY 8, 1982.

*Lucinda Stevens,* for appellant.

*Glenn Thomas, Jr., District Attorney, James A. Chamberlin, Jr., Assistant District Attorney,* for appellee.