## 67455. PETTY v. CHRYSLER CREDIT CORPORATION.

DEEN, Presiding Judge.

On November 29, 1982, Chrysler Credit Corporation obtained a judgment against Wayne K. Petty in the amount of $9,527.30, attorney fees of $977.73, and interest from the date of judgment. Petty appealed, but dismissed the appeal in early February 1983. Approximately two weeks later, on February 17, Chrysler served Petty with "Plaintiff's First Interrogatories in Fieri Facias." On March 21, Petty moved for a protective order, supported by his affidavit, contending that the requested discovery would violate his right of self incrimination, work a forfeiture of his estate and bring infamy and disgrace upon himself or his family. Chrysler filed a motion to compel. On June 24, 1983, appellant amended his motion so as to answer each of the nine interrogatories individually and to each he made the same assertion: "Movant objects to giving any answer to this interrogatory in that any required answer would violate his rights against self-incrimination under both the U. S. Constitution as well as the Constitution of the State of Georgia; would tend to work a forfeiture of his estate and bring infamy or disgrace or public contempt upon himself or his family." This appeal is brought by Petty from the trial court's grant of appellee's motion to compel. *Held:*

Appellant's stock answer is given even to such seemingly innocuous questions as interrogatory 9 which requests him to "Give the name, address and telephone number of the person who owns the property which serves as your place of residence." This court has held that neither the discretion of the trial court nor the defendant is absolute in determining whether answering such interrogatories would work the harm claimed by the defendant, but " 'What is impermissible is that the defendant merely slide out of his obligations by a brash assertion that any and all questions directed to him would tend to incriminate him, regardless of the likelihood of such result.' *Tennesco, Inc. v. Berger,* 144 Ga. App. 45, 47-48 (240 SE2d 586) (1977)." *Chambers v. McDonald,* 161 Ga. App. 380 (288 SE2d 641) (1982). As in the *Chambers* case, the interrogatories did not constitute or evidence extensive questioning as to appellant's financial affairs which would tend, as a matter of law, to incriminate him, work a forfeiture of his estate or bring disgrace or infamy upon himself or his family, but are clearly within the ambit of OCGA § 9-11-69 (Code Ann. § 81A-169). The burden was on Petty to state the general reason for his refusal to answer and to specifically establish that " 'a real danger of incrimination (existed) with respect to each question.' [Cits.]" *Chambers v. McDonald,* supra at 381. Instead, he

merely makes the same brash assertion to each interrogatory posed to him and we find that the trial court did not err in compelling him to answer the interrogatories. See *Johnson v. Heifler,* 149 Ga. App. 860 (256 SE2d 143) (1979).

We also grant appellee's motion made pursuant to OCGA § 5-6-6 (Code Ann. § 6-1801) and award ten percent damages for an appeal taken only for purposes of delay.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JANUARY 3, 1984.

*Thomas L. Williams,* for appellant.

*Stephen H. Block, Philip M. Casto, W. Howard Fowler,* for appellee.