A91A1726. RIDDLE v. THE STATE.
(413 SE2d 494)

BEASLEY, Judge.

Riddle was charged with running a red light in violation of OCGA § 40-6-20, which is a misdemeanor. OCGA § 40-6-1. He pled not guilty and defended himself. He was convicted and given a sentence of ten days' imprisonment, suspended upon his paying a fine of $252 within 30 days. On appeal he argues that the fine is excessive in that

the judge usually imposes a fine of $45 (plus $15.50 for court costs) for this offense "as an act of leniency to defendants who plead guilty," but penalized him for asserting his right to trial.

Riddle's fine is not excessive under state law, since a misdemeanor is generally punishable by a fine not to exceed $1,000 or a sentence not to exceed 12 months. OCGA § 17-10-3 (a) (1); *Hill v. Stynchcombe*, 225 Ga. 122, 125 (6) (166 SE2d 729) (1969). The fact that the trial court might generally impose lesser fines in other cases would not without more render a larger fine impermissible in a particular case. Riddle apparently was a recidivist, and there is no evidence other than the size of the fine itself which evinces that it was a penalty for defendant's exercise of his right rather than for the offense, the full circumstances of which we do not know. The burden is on the appealing party to show error affirmatively by the record. See, e.g., *Myers v. Dept. of Human Resources*, 162 Ga. App. 885 (293 SE2d 480) (1982). Riddle has not established any violation of his right to due process of law. See *Alabama v. Smith*, 490 U. S. 794 (109 SC 2201, 104 LE2d 865) (1989), regarding vindictiveness in sentencing.

Finally, this court is not empowered to reduce the sentence, which is what appellant asks this court to do.

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 19, 1991 —
RECONSIDERATION DENIED DECEMBER 5, 1991.

James C. Riddle, Jr., *pro se.*

*Spencer Lawton, Jr.*, District Attorney, *June E. Fogle, James J. Cairns III*, Assistant District Attorneys, for appellee.