A97A1725. JETT v. STATE OF GEORGIA.
(498 SE2d 274)

SMITH, Judge.

Defendant John Jett was indicted on three counts of violating the Georgia Controlled Substances Act, one count of trafficking in cocaine, and one count of possession of a firearm by a convicted felon. At the time of his arrest and afterwards, the State seized a variety of personal property, including automobiles, currency, and weapons and placed a lien on Jett's residence based on allegations that Jett sold cocaine to a confidential informant. On May 28, 1996, the State filed a complaint for forfeiture of this real and personal property, and Jett was personally served with the complaint in jail where he had been held since his arrest.

On June 20, 1996, Jett filed his answer to the civil forfeiture complaint asserting an interest in some of the seized property. Other family members also filed claims asserting interests in some of the property. On July 12, 1996, the State filed its motion for judgment of forfeiture and disposition of property, asserting that the claimants' answers did not satisfy the specific pleading requirements of OCGA § 16-13-49 (o) (3). Then, on July 15, 1996, more than 30 days after being served with the forfeiture complaint, Jett filed an amended answer providing more specific facts supporting his claim of innocent ownership. For the first time, Jett asserted an interest in certain of the currency. Simultaneously, Jett filed a motion to dismiss the complaint, arguing that the State could not, without violating his Fifth Amendment right against self-incrimination, compel him to answer the civil forfeiture complaint because criminal charges were pending against him and information contained in his answer to the forfeiture complaint could be used against him in the criminal action.

On September 11, 1996, Jett pleaded guilty to one count of trafficking in cocaine, two counts of VGCSA, and one count of possession of a firearm by a convicted felon. On February 10, 1997, the trial court ruled that all three claimants' answers were defective and granted the State's motion for judgment of forfeiture. Jett appeals the trial court's ruling and raises three enumerations of error.[1]

---

[1] The other claimants have not appealed the trial court's ruling.

1. Jett has failed to support his first general enumeration of error by citation of authority or argument pursuant to Court of Appeals Rule 27 (c) (2). To the extent Jett was asserting any error other than those addressed in Divisions 2 and 3 below, we therefore deem his claims abandoned. See *Roberts v. State of Ga.*, 226 Ga. App. 824, 826 (3) (487 SE2d 667) (1997).

2. In his next enumeration of error, Jett argues that his failure to file a legally sufficient answer to the forfeiture complaint was attributable to his fear of self-incrimination. He contends that his Fifth Amendment rights under the United States Constitution and Constitution of the State of Georgia were therefore violated.

Although our courts have recognized that the privilege against self-incrimination is applicable in civil cases, "there is no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings. The privilege must be specifically claimed on a particular question and the matter submitted to the court for its determination as to the validity of the claim." (Citations and punctuation omitted.) *Tennesco v. Berger*, 144 Ga. App. 45, 48 (240 SE2d 586) (1977). The burden is on the individual claiming the privilege "to state the general reason for his refusal to answer and to specifically establish that a real danger of incrimination existed with respect to each question." (Citations and punctuation omitted.) *Petty v. Chrysler Credit Corp.*, 169 Ga. App. 418 (312 SE2d 874) (1984). See also *Chambers v. McDonald*, 161 Ga. App. 380, 381 (288 SE2d 641) (1982).

The record here shows that Jett failed to meet his burden of proof by making the requisite showings. At no time has Jett specifically established that a real danger of incrimination existed with respect to any of the factual disclosures he was required to make in his answer to the civil forfeiture complaint. He has not shown how the financial information sought by OCGA § 16-13-49 (o) (3), pertaining to the nature and extent of his claimed ownership interest in the seized property, could be used against him in the pending criminal proceeding. Further, by Jett's filing of his amended answer containing extensive factual information regarding his interest in the seized property prior to his guilty plea, he has in effect conceded that the information contained in his answer was not incriminating.

Accordingly, we find Jett's claim of self-incrimination to be an impermissible attempt to "merely slide out of his obligations by a brash assertion that any and all questions directed to him would tend to incriminate him, regardless of the likelihood of such result." (Citations and punctuation omitted.) *Petty*, supra at 418. There was no error.

3. Jett next argues that the permissive language of Georgia's forfeiture statute excused him from the obligation of filing *any* answer to the forfeiture complaint and that the trial court was therefore

without authority to grant the State's motion for judgment of forfeiture without first affording him a hearing on his claim. We disagree.

Georgia's forfeiture statute, OCGA § 16-13-49, sets forth a strict timetable, as well as specific pleading requirements regarding factual information that must be included in claims or answers filed by those claiming interests in seized property. These pleading requirements have been strictly construed by our courts. See, e.g., *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (b) (444 SE2d 76) (1994). Further, failure to file timely answers in strict compliance with the specific pleading requirements of the forfeiture statute results in dismissal. Id. at 246. In the present case, we have examined Jett's initial answer to the forfeiture complaint and find that the trial court was correct in determining that Jett's answer was defective and "amounted to no answer[ ] at all." *Jarrett v. State of Ga.*, 220 Ga. App. 559, 561 (2) (472 SE2d 315) (1996). Likewise, we find the trial court correctly determined that Jett's amended answer did not relate back to his original pleading and cure the defective initial answer. Id. at 561. Compare *Lee v. State of Ga.*, 225 Ga. App. 733, 735-736 (484 SE2d 777) (1997) (amendment allowed where failure to file legally sufficient answer clearly result of clerical error such as omission of page). The trial court therefore did not err in granting the State's motion and ordering the disposition of the seized property. OCGA § 16-13-49 (o) (4); *Jarrett*, supra at 561; *Alford*, supra at 245.

We reject Jett's argument that the language of OCGA § 16-13-49 (o) (3) excused him from having to file *any* answer or, alternatively, a formal answer in compliance with the strict pleading requirements of the forfeiture statute.[2] The use of the auxiliary verb "may" in this Code section makes the filing of an answer to a forfeiture complaint permissive only in the sense that this statute recognizes that a claimant cannot be forced to claim an interest in seized property or to litigate a forfeiture proceeding. If a claimant elects not to file an answer, however, that claimant must suffer the consequence of his or her property being forfeited to the State. OCGA § 16-13-49 (o) (4). On the other hand, if a claimant elects to file an answer, then the strict pleading requirements of OCGA § 16-13-49 (o) (3) must be followed. In this case, Jett was under no obligation to file an answer to the forfeiture complaint. Having attempted to do so, however, his answer was subject to the strict pleading requirements of OCGA § 16-13-49 (o) (3). See *Jarrett*, supra at 561; *Alford*, supra at 245. Jett's attempt

---

[2] OCGA § 16-13-49 (o) (3) provides: "An owner of or interest holder in the property *may* file an answer asserting a claim against the property in the action in rem. Any such answer shall be filed within 30 days after the service of the summons and complaint. Where service is made by publication and personal service has not been made, an owner or interest holder *shall* file an answer within 30 days of the date of final publication." (Emphasis supplied.)

to draw a distinction between the obligations of claimants who are personally served with forfeiture complaints and claimants who are served by publication is totally without merit.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 1 and 3 but rely on a different basis for the rejection of Jett's second enumeration of error, which is ruled on in Division 2 of the majority opinion.

Jett's enumeration is that "[t]he trial court erred in requiring Appellant to answer the State's Complaint in violation of his Fifth Amendment rights against self-incrimination."

The State's complaint for forfeiture was served on Jett on May 28, 1996, and Jett filed a purported answer on June 20 within the 30 days allowed by OCGA § 16-13-49 (o) (3). In it he claimed only that he was part owner of the subdivision lot which the State sought forfeiture of, which he described, and he responded separately to each of the other allegations in the State's complaint. He did not raise any Fifth Amendment right as a reason for not complying with the very specific listed requirements of OCGA § 16-13-49 (o) (3) as to the real property, nor did he raise this as a reason for not filing a possible claim to any of the personal property involved. Nor, before the time for claims expired, did he seek a stay under subsection (w) of the statute on Fifth Amendment grounds.

Instead, long after the time had passed, Jett filed a purported amendment to his answer, stating that he "took an interest" in the real property on June 5, 1986 for $5,000, which conveyance was recorded in designated property records of the county. In this answer he also asserted a claim to $5,000 of the cash seized by the State and explained that it was the proceeds from settlement of an auto collision and included damages for "the Jett vehicle." It was initially at this time, by a separate motion, that Jett claimed his Fifth Amendment rights were "violated by the State in forcing Claimant to respond to a civil action after a criminal action has begun."

Regardless of the merits of such a theory, it was advanced too late. The time for raising it would be within the time for filing an answer, as his privilege is waived if not invoked at the "first opportunity." *Cohran v. Carlin*, 165 Ga. App. 141, 144 (297 SE2d 738) (1982); see *Axson v. Nat. Surety Corp.*, 254 Ga. 248 (327 SE2d 732) (1985) (party must raise Fifth Amendment privilege as to each question asked). As the trial court pointed out, "[h]ad he [raised his Fifth Amendment issues prior to filing his purported answer], the Court would have had the opportunity to conduct an *in camera* review or

other proceedings to determine the validity of his Fifth Amendment claim."

Jett's first answer, although it was timely, did not provide the information required by OCGA § 16-13-49 (o) (3) and thus was not an answer at all. *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (b) (444 SE2d 76) (1994); *Jarrett v. State of Ga.*, 220 Ga. App. 559, 561 (1) (472 SE2d 315) (1996). The attempted amendment had nothing to relate back to, even if such were permitted. *Jarrett*, supra at 561 (2). And the Fifth Amendment assertion was not a part of it anyway but instead apparently related to possible claims to the other personal property the State wished to subject to forfeiture (cocaine, three cars, two guns, a beaker, a triple beam scale, three packages of razor blades, and a camcorder).

Consequently, there is no proper Fifth Amendment challenge to rule on. For that reason I conclude that Jett's second enumeration of error does not call for a full review of the merits, much less a reversal of the judgment.

DECIDED FEBRUARY 19, 1998.

*James E. Voyles*, for appellant.

*J. Tom Morgan, District Attorney, Stephen D. Sencer, Assistant District Attorney*, for appellee.