### A98A1104. GARY v. WEINER.
(503 SE2d 898)

BLACKBURN, Judge.

Joan S. Gary appeals an order of the Probate Court of Chatham County removing her as guardian of her husband, John G. Gary, and appointing Aron G. Weiner as successor guardian. For the reasons set forth below, we affirm the decision of the probate court.

On March 20, 1992, Joan Gary was appointed as guardian of the person and· the property of John Gary, who had become incapacitated. On June 19, 1997, the probate court, pursuant to OCGA § 29-2-45, issued a citation for Joan Gary to show cause why she should not be removed as guardian for failure to make acceptable returns as required by OCGA § 29-2-44. Apparently, Joan Gary had filed no annual returns since she had been appointed guardian of her husband. On July 15, 1997, Joan Gary filed a motion for a continuance of the show cause hearing, stating that she was in the process of completing an accounting. The probate court granted Joan Gary's motion, and a hearing was set for August 19, 1997. Joan Gary did not file the annual returns required for the years 1992 through 1996 until the day of the hearing. On November 17, 1997, the probate court removed Joan Gary as guardian of John Gary, stating that "Mrs. Gary filed annual returns which the Court has determined are unacceptable and she is no longer fit for the trust imposed upon her as guardian in that she has failed to properly account for her ward's funds." In the same order, the probate court appointed Aron G. Weiner as successor guardian.

In this appeal, Gary contends that the probate court abused its discretion in removing her as guardian and failed to follow OCGA § 29-5-2 in its appointment of Weiner as successor guardian. We cannot agree.

1. We do not find that the probate court abused its discretion in removing Gary as guardian. As an initial matter, we must point out that "[n]o transcript was filed, because, as stated in the Notice of Appeal, there was no transcript of evidence. There is no requirement that testimony in a civil case be transcribed. The respondent here apparently failed to make arrangements for transcription. In the absence of a transcript, we must assume the trial court's action

would be supported by the record." (Citations and punctuation omitted.) *Myers v. Dept. of Human Resources*, 162 Ga. App. 885, 886 (293 SE2d 480) (1982).

Moreover, even if we were able to consider Gary's assertions, her claims would be patently meritless. As it appears from the record that she never filed annual returns as guardian until compelled to do so by the probate court, there is clear evidence that she had breached her fiduciary duties, supporting her removal. OCGA § 29-2-45.

2. We also reject Gary's claim that, by appointing Weiner as guardian, the probate court contravened OCGA § 29-5-2. This Code section sets forth the statutory preferences to be considered by a court in selecting guardians. Other than individuals specifically chosen by the ward prior to the onset of incapacity, the statute indicates that spouses and adult children of the ward are preferred over other individuals.

Gary's argument that the probate court abused its discretion in this matter is not supported by the record. In essence, Gary points to the probate judge's order, argues that it is wrong, and does little more. For example, Gary makes the assertion that the probate court improperly appointed Weiner successor guardian in violation of the preferences set out in OCGA § 29-5-2 without even providing this Court with any evidence of John Gary's family tree or his relationship to Weiner. Gary merely asserts that the probate court should have appointed one of John Gary's sons instead of Weiner without sufficient support for her claim.

"Factual assertion[s] contained in appellate briefs which are not supported by evidence in the record cannot be considered in the appellate process, and briefs cannot be used in lieu of the record or transcript to add evidence to the record. Consequently, this appeal is subject to the well-established rule that the burden is on the appellant to show error by the record, and when a portion of the evidence bearing on the issue raised is not brought up so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result." (Citations omitted.) *Hooten v. State*, 212 Ga. App. 770, 775-776 (2) (442 SE2d 836) (1994). Again, in the absence of the transcript and evidence to the contrary, we must assume that the probate court's appointment of Weiner was proper. *Myers*, supra. Furthermore, as Joan Gary was properly removed and is no longer the personal representative of John Gary, she lacked standing to contest Weiner's appointment on direct appeal.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JULY 6, 1998.

*Roberson & Schmidt, David Roberson*, for appellant.

*Beckmann & Pinson, Luhr G. C. Beckmann, Jr.,* for appellee.
*Weiner, Shearhouse, Weitz, Greenberg & Shawe, Aron G. Weiner,* pro se.