A99A1326, A99A1327. IN RE ESTATE OF CHARLES A. GORDON (two cases).
(521 SE2d 223)

MCMURRAY, Presiding Judge.

Cora B. C. Gordon ("the widow") is Charles A. Gordon's ("the decedent") widow. She filed an appeal in Case No. A99A1326 from a probate court order directing her to turn over two end tables, two lamps and a coffee table to the decedent's adult children, Charles L. Gordon and Serdalia Singleton ("the children"). This order was entered to enforce a settlement agreement providing the children with the decedent's estate's "Victorian Living Room furniture." The widow also filed an appeal in Case No. A99A1327 from a separate order awarding the children $750 in attorney fees for having to seek enforcement of the settlement agreement. *Held*:

1. The widow has moved this Court to supplement the record on appeal through the inclusion of a transcript of the hearing on the children's motion to enforce the settlement agreement, asserting that these "proceedings . . . were recorded but were not transcribed or made a part of the record in this case despite request [sic] the same in the Appeal to this Court." The widow also seeks to supplement the record to include a March 6, 1998 order finding that she was not in contempt of court.

The burden is on the complaining party to have the record completed in the trial court in accordance with the provisions of OCGA § 5-6-41. See *Massengale v. Moore*, 194 Ga. App. 328 (1) (390 SE2d 439). Since the widow did not move in the trial court to have the hearing transcript prepared and filed in accordance with this Code

section, there is no basis for granting the widow's motion to supplement the record with a hearing transcript. Further, since the trial court's clerk has certified transmittal of those portions of the record required by the widow's notices of appeal, because the widow has not shown that the alleged March 6, 1998 contempt order is essential for review of the cases sub judice, and since our examination of the widow's enumerations of error and briefs indicate that any such order is not essential for appellate review, the widow's motion to supplement the record is hereby denied.

2. The children's motions to dismiss these appeals and for frivolous appeal damages are hereby denied.

### Case No. A99A1326

3. Citing the dissent in *Thompson v. Pulte Home Corp.*, 209 Ga. App. 558, 559 (1) (434 SE2d 89), cert. denied, 209 Ga. App. 916, the widow contends the trial court inappropriately expanded the settlement agreement's reference to "Victorian Living Room furniture" to include the decedent's estate's two end tables, two lamps and a coffee table.

In *Thompson v. Pulte Home Corp.*, a majority of this Court affirmed a trial court's finding concerning the amount of an unresolved per diem payment which was due to be paid to those appellants during the executory period of a settlement contract. This holding was based upon the trial court's findings of fact. Id. at 560 (1). Although the settlement agreement at issue in the case sub judice does not specify what items of "Victorian Living Room furniture" were to go to the children, it appears our holding in *Thompson v. Pulte Home Corp.*, 209 Ga. App. at 559 (1), supra, authorizes the trial court's resolution of this omission and enforcement of its findings as part of the parties' settlement agreement. The Supreme Court of Georgia's holding in *Bridges v. Bridges*, 256 Ga. 348, 349 (1) (349 SE2d 172), which is cited by the dissent in *Thompson v. Pulte Home Corp.*, 209 Ga. App. at 561, supra, appears to be distinguishable on the facts of that case.

Accordingly, since the widow failed to include, as part of the appellate record in the cases sub judice, a transcript of the hearing on the children's motion to enforce the settlement agreement, we must assume the evidence authorized the trial court's findings. *Gary v. Weiner*, 233 Ga. App. 284 (1) (503 SE2d 898). The trial court therefore did not err in finding that the settlement agreement's reference to "Victorian Living Room furniture" included the decedent's estate's two end tables, two lamps and a coffee table.

4. The widow challenges the sufficiency of the evidence with regard to the trial court's award of attorney fees. We must assume the trial court's $750 attorney fee award was authorized in the absence of a transcript of the hearing on the children's motion to enforce the settlement agreement and the evidence authorized the trial court's findings. *Gary v. Weiner*, 233 Ga. App. 284 (1), supra.

5. The widow has abandoned her claim that the probate court had no authority to award attorney fees by failing to support this assertion with argument or citation of authority. Court of Appeals Rule 27 (c) (2); see *Jett v. State of Ga.*, 230 Ga. App. 655, 656 (1) (498 SE2d 274).

*Judgments affirmed. Ruffin, J., concurs. Andrews, P. J., concurs specially.*

ANDREWS, Presiding Judge, concurring specially.

I concur with the majority's conclusions in Divisions 1, 3, 4 and 5 and in the judgment. I write specially because I would grant appellees' motion for sanctions for filing a frivolous appeal.

Under the facts of this case, Cora Gordon could have no reasonable basis for believing this appeal would result in a reversal of the trial court's judgment. Therefore, pursuant to Court of Appeals Rule 15 (b), I would assess a frivolous appeal penalty of $1,000 against Gordon and her attorney and would order the trial court, on remittitur, to enter judgment in favor of appellees against Cora Gordon and her attorney, James B. Blackburn, Jr., in the amount of $1,000.

DECIDED JULY 23, 1999.

*Wiseman, Blackburn & Futrell, James B. Blackburn, Jr.*, for appellant.

*Sally L. Keller*, for appellee.