A01A0753. BURKETT v. ESTATE OF BURKETT.
(548 SE2d 628)

JOHNSON, Presiding Judge.

Rosie Burkett, as the surviving spouse of Milton Burkett, filed a petition for year's support. An adult child of the decedent filed a caveat to the petition. Following a bench trial, the probate court awarded Rosie Burkett a year's support, but stated that due to her

---

separate income, estate and benefits, the entire estate should not be set apart to her as year's support. The trial court awarded her a life estate in the property where she lives, as well as full interest in and to the household furnishings, goods and appliances. She appeals, alleging the trial court erred in failing to set aside the entire estate on her behalf.

Pursuant to OCGA § 53-3-7,[1] the probate court was required to set aside a sufficient amount from the estate for Rosie Burkett's support and maintenance for the period of 12 months from the date of Milton Burkett's death. The statute notes that a sufficient amount is that amount necessary to maintain the standard of living that Rosie Burkett had prior to Milton Burkett's death and mandates that, in determining that amount, the probate court shall consider (1) the support available to Rosie Burkett from sources other than year's support, including but not limited to the principal of any separate estate and the income and earning capacity of Rosie Burkett, and (2) such other relevant criteria as the court deems equitable and proper.[2] A probate court's determination regarding the amount to be awarded as year's support will be upheld by this Court absent an abuse of discretion.[3]

In the present case, it is clear from the exhibits and the parties' briefs that the parties presented the probate court with differing assessments of Rosie Burkett's needs and her standard of living prior to her husband's death. However, a transcript of the probate court's hearing on these issues has not been included in the record on appeal. In the absence of a transcript, we must assume that the probate court's actions would be supported by the record.[4] We cannot conclude based on the record before us that the probate court abused its discretion in failing to set aside the entire estate in favor of Rosie Burkett.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MARCH 21, 2001.

*Melvyn J. Williams*, for appellant.
*J. Michael Cranford*, for appellee.

---

[1] Effective January 1, 1998, as provided in OCGA § 53-1-1, the year's support criteria are set out in OCGA § 53-3-7 rather than OCGA § 53-5-2. See *Richards v. Wadsworth*, 230 Ga. App. 421, 422 (2) (496 SE2d 535) (1998).

[2] OCGA § 53-3-7 (c).

[3] *McClure v. Mason*, 228 Ga. App. 797, 799 (2) (493 SE2d 16) (1997).

[4] *In re Estate of Gordon*, 239 Ga. App. 306, 307 (3) (521 SE2d 223) (1999); *Gary v. Weiner*, 233 Ga. App. 284-285 (1) (503 SE2d 898) (1998).