### A02A0923. HUNTER et al. v. HUNTER.
(569 SE2d 919)

ANDREWS, Presiding Judge.

Forrest Hunter, Edward Hunter, and Donald Hunter, beneficiaries under the will of Arthur Hunter, deceased, filed a caveat in probate court against the petition for year's support of Imodean Hunter, the surviving spouse of the decedent. The probate court denied the caveat and awarded the surviving spouse real property (the marital residence) from the decedent's estate valued at $91,500 as year's support. The caveators appeal claiming the award was excessive. We agree the award was excessive and reverse because there is no evidence in the record to support the probate court's determination that $91,500 of property was the amount reasonably needed to support and maintain the surviving spouse for a period of 12 months from the decedent's death at the standard of living she had prior to the death of the decedent.

The surviving spouse filed her petition for year's support after the decedent's will was probated awarding her a life estate in the marital residence, which was titled in the decedent's estate.[1] The will left a remainder interest in this property in the caveators, the decedent's three adult sons by a prior marriage. Under the will, the life estate continued so long as the surviving spouse elected to live in the residence and did not remarry. Upon moving out of the residence or remarrying, the life estate would terminate and the property would be sold and the proceeds divided equally between the surviving spouse and the three caveators.

In order to sustain the probate court's year's support award and denial of the caveat, there must be some evidence that the amount of property awarded bears a reasonable relationship to the amount the surviving spouse needs for a period of 12 months from the decedent's death to maintain the standard of living she had prior to the decedent's death. *Burkett v. Estate of Burkett,* 248 Ga. App. 719, 720 (548 SE2d 628) (2001); *Adams v. Adams,* 249 Ga. 477, 480-481 (291 SE2d 518) (1982); OCGA §§ 53-3-1 (c); 53-3-7. In making this determination, the probate court takes into consideration (1) the support avail-

---

[1] Nothing in the will required the surviving spouse to make an election between the life estate and year's support. *Russell v. Hall,* 245 Ga. 677, 678 (266 SE2d 491) (1980); OCGA § 53-3-3.

able to the surviving spouse from sources other than year's support, including but not limited to the principal of any separate estate and the income and earning capacity of the surviving spouse, (2) the solvency of the decedent's estate, and (3) such other relevant criteria as the court deems equitable and proper. OCGA § 53-3-7 (c). The probate court's determination of the amount awarded as year's support will be upheld on appeal absent an abuse of discretion. *Burkett*, 248 Ga. App. at 720.

The record shows that, prior to the death of the decedent, the decedent was disabled and the surviving spouse and the decedent resided in the marital residence at issue and had joint gross yearly income of about $27,500 comprising earnings by the surviving spouse and Social Security payments to the decedent and the surviving spouse. The year after the decedent's death, the surviving spouse had gross yearly income of about $28,500 comprising $18,706 earned by the surviving spouse and the remainder in Social Security payments to the surviving spouse. The surviving spouse had about $9,300 in savings and checking accounts. There was also evidence of the surviving spouse's monthly expenses. However, other than evidence she purchased a new car after the decedent's death, there was no evidence that the monthly expenses necessary to maintain her standard of living increased after the decedent's death. See *Richards v. Wadsworth*, 230 Ga. App. 421, 422 (496 SE2d 535) (1998). Evidence showed that the marital residence has a fair market value of about $91,500, is debt free, and that the surviving spouse continued to live there at the time of the year's support hearing (over two years after the decedent's death) by virtue of the life estate given to her in the decedent's will.

The surviving spouse testified at the year's support hearing that, given these circumstances and income levels, she was better off financially after the decedent's death than before it. But she also testified that at age 74 and suffering from arthritis, she was unsure how much longer she would be able to supplement her Social Security income by continuing the dry cleaning business work she had done for the last 15 years. She further testified that she should be entitled to year's support because she took care of the decedent for the many years he was sick and disabled, and argued that, because of her contributions to the marriage of over 30 years, she had an equitable interest in the marital residence.

On these facts, we find no evidence that could support the probate court's determination that the surviving spouse needed the award of $91,500 of estate property as year's support. Taking into consideration all of the factors set forth in OCGA § 53-3-7 (c), the award of title to the entire marital residence as year's support clearly exceeded the amount necessary to support and maintain the surviv-

ing spouse for a period of 12 months from the decedent's death at the standard of living she had prior to the decedent's death. This sum would be excessive under the statutory criteria even if the 74-year-old surviving spouse did not work to supplement her income. Although, as she testified, the surviving spouse made many personal sacrifices during the marriage, "[y]ear's support is not intended to pay the surviving spouse for loss of the relationship or for personal sacrifices made during the marriage. . . ." *Richards*, 230 Ga. App. at 425 (4). Nor do the contributions made by the surviving spouse during the marriage entitle her to claim year's support based on an equitable interest in the marital residence. This claim, in essence for equitable division of the property, cannot be maintained apart from divorce proceedings. *Segars v. Brooks*, 248 Ga. 427, 428 (284 SE2d 13) (1981).

Because there is no evidence to support the award under the statutory criteria for year's support, the probate court abused its discretion, and the award must be reversed.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED JULY 17, 2002 —
RECONSIDERATION DENIED AUGUST 8, 2002

*Richard A. Newton, Leo W. Clifton, Sr.*, for appellants.
*W. Allen Separk, R. Stacy Hylton*, for appellee.