## A03A1617. In re ESTATE OF BATTLE.
### (587 SE2d 140)

ELLINGTON, Judge.

Creshon Denise Saunders and Quisha Denise Saunders, individually and as co-executors of the estate of Gwendolyn E. Harold Battle, appeal an order of the Probate Court of DeKalb County awarding a year's support to their mother's husband, Le'Roy Battle. The caveators contend the trial court abused its discretion in awarding Battle a year's support and in calculating the award. After considering the record and the applicable law, we find no error and affirm.

Under Georgia law, "[t]he surviving spouse and minor children of a testate or intestate decedent are entitled to year's support in the form of property for their support and maintenance for the period of 12 months from the date of the decedent's death." OCGA § 53-3-1 (c). If an interested person objects to a petition for year's support, the probate "court shall set apart an amount sufficient to maintain the standard of living that the surviving spouse . . . had prior to the death of the decedent." OCGA § 53-3-7 (c).

> In order to sustain the probate court's year's support award and denial of the caveat, there must be some evidence that the amount of property awarded bears a reasonable relationship to the amount the surviving spouse needs for a period of 12 months from the decedent's death to maintain the standard of living [he] had prior to the decedent's death. In making this determination, the probate court takes into consideration (1) the support available to the surviving spouse from sources other than year's support, including but not limited to the principal of any separate estate and the income and earning capacity of the surviving spouse, (2) the solvency of the decedent's estate, and (3) such other relevant criteria as the court deems equitable and proper. OCGA § 53-3-7 (c). The probate court's determination of the amount

awarded as year's support will be upheld on appeal absent an abuse of discretion.

(Citations omitted.) *Hunter v. Hunter*, 256 Ga. App. 898-899 (569 SE2d 919) (2002).

In this case, the caveators contend the trial court erred in two calculations: the support available to Battle from sources other than year's support and the amount needed to maintain his standard of living for the year after his wife's death. First, the caveators contend the trial court abused its discretion in refusing to consider as income a $22,285 lump-sum death benefit Battle received from his wife's employer. To the contrary, the probate court's order clearly indicates that the court *did* consider the death benefit as a resource available for Battle's support.

Next, the caveators contend the trial court abused its discretion in refusing to consider as income the value of the room and board Battle received (in lieu of wages) from his own employer.[1] Finally, the caveators contend the trial court abused its discretion in assuming that Battle *alone* would need an amount of money equal to the amount Battle and his wife *together* had spent on living expenses in the last year of his wife's life. Because the caveators did not include a transcript of the probate court's hearing on Battle's petition, or an acceptable substitute,[2] in the record on appeal, we do not have a complete picture of the evidence presented on the amount Battle needed to maintain his standard of living after his wife's death versus before her death. See *Burkett v. Estate of Burkett*, 248 Ga. App. 719, 720 (548 SE2d 628) (2001). "In the absence of a transcript, we must assume that the probate court's actions would be supported by the record." (Footnote omitted.) Id. Accordingly, we cannot conclude based on the record before us that the probate court abused its discretion in calculating the award of year's support. Id.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED AUGUST 19, 2003 —
RECONSIDERATION DENIED SEPTEMBER 5, 2003 — 

*Friedman, Dever & Merlin, Douglas M. Robinson*, for appellants.
*McNally, Edwards & Bailey, Steven J. Edwards*, for appellee.

---

[1] The probate court's order suggests that the court did not consider the employer-provided room and board as a factor in determining Battle's need for support.

[2] See OCGA § 5-6-41 (g), (i).