## A07A0019. LaFAVOR v. LaFAVOR.

(639 SE2d 633)

PHIPPS, Judge.

Georgia Ann LaFavor and others, as devisees under the will of Daniel B. LaFavor, filed a petition against Daniel E. LaFavor and others, as co-executors of the LaFavor will, complaining of the co-executors' failure to make distributions required by the will, among other things. Following an untranscribed hearing, the probate court entered an order directing Daniel to pay Georgia Ann $1,262.75. That sum represented monies retained by Daniel from Georgia Ann's share of the estate to satisfy a judgment obtained by Daniel against Georgia Ann in his individual capacity. Following another untranscribed hearing, the court entered another order holding Daniel in contempt for failing to make the payment. Daniel appeals the contempt order. Because he has not carried his burden of showing error from the record, we affirm.

1. Daniel contends that the probate court erred in not ordering that a record be made of the hearings. We find no merit in this complaint. In civil cases such as this, the trial judge "may" require the parties to have the proceedings reported.[1] But even where that is done, it is the duty of the appellant to have a transcript prepared for

---

[6] *Inman v. State*, 281 Ga. 67, 74 (6) (635 SE2d 125) (2006).
[1] OCGA § 5-6-41 (c).

purposes of appeal.[2] " 'In the absence of a transcript, we must assume that the probate court's actions would be supported by the record.' "[3]

2. Daniel argues that in his capacity as executor, OCGA § 53-7-40 authorized him to withhold Georgia Ann's share of the estate to satisfy his judgment against her. This argument is without merit, as OCGA § 53-7-40 provides that property of the estate shall be liable for payment of claims against the estate. Daniel's claim is against a devisee of the estate and not the estate itself.

3. In reliance on OCGA § 53-7-5 (b), Daniel contends that the probate court erred in finding him individually liable for failure to make the payment where, as here, there are multiple representatives of the estate. This contention is without merit. OCGA § 53-7-5 (b) (1) through (4) delineate grounds for holding a personal representative of an estate liable for a breach committed by another personal representative. The probate court is not prohibited, however, from holding the one who committed or individually benefitted from the breach primarily liable.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 7, 2006.

*DeCara S. Brown*, for appellant.
*Johnston, Wilkin & Williams, William J. Williams*, for appellee.

[2] Id.
[3] *In re Estate of Battle*, 263 Ga. App. 73, 74 (587 SE2d 140) (2003) (citation omitted).
[1] OCGA § 16-5-40 (a).
[2] OCGA § 16-5-21 (a).