**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 8, 2025**

# In the Court of Appeals of Georgia

A25A0243. IN RE: ESTATE OF TONY LEE SANDERS, JR., DECEASED.

GOBEIL, Judge.

Mollie Anne Sanders, the surviving spouse of Tony Lee Sanders ("Decedent"), appeals from an order of the Probate Court of Fulton County granting her petition for year's support and awarding her a life estate in certain real property with a remainder to Decedent's adult children from a previous relationship. On appeal, Sanders argues that the probate court erred by: (1) failing to award her the property outright as applied for in the petition; (2) evaluating what would constitute sufficient year's support; and (3) awarding a remainder interest in the property to Decedent's adult children. For the reasons that follow, we now reverse.

"On appeal, we review factual disputes in the record under the 'any evidence' standard, and the probate court's determination of the amount awarded as year's support will be upheld on appeal absent an abuse of discretion." *In re Estate of Dallas*, 369 Ga. App. 553, 554 (894 SE2d 94) (2023) (citation and punctuation omitted).

Decedent, who died on January 18, 2021, is survived by his widow, Sanders, and two adult children from a previous relationship, Tevin Sanders ("Tevin") and Terrence Sanders ("Terrence"). In September 2022, Sanders filed a petition for year's support, in which she requested that certain real property located at 538 Zoie Lane, Palmetto in Fulton County (the "Property") be set aside for her support. Tevin filed an objection to the petition, arguing that Decedent's estate should be equally divided amongst his heirs, namely, Sanders, Tevin, and Terrence. Sanders filed a motion to dismiss Tevin's objection, to which Tevin did not respond.[1] The court held a virtual hearing, a transcript of which does not appear in the record, where Tevin failed to appear. The probate court entered an order dismissing Tevin's objection, finding that he did not allege sufficient grounds to object to Sanders's petition. The court went on to grant in part Sanders's petition for a year's support, awarding her a

---

[1] The parties were ordered to participate in mediation, but they were unable to reach a settlement.

life estate in the Property with a remainder to Tevin and Terrence. The instant appeal followed.[2]

Under Georgia law, "[t]he surviving spouse and minor children of a testate or intestate decedent are entitled to year's support in the form of property for their support and maintenance for the period of 12 months from the date of the decedent's death." OCGA § 53-3-1 (c). "The intent is to protect the family survivors from a reduction in their standard of living while the estate is being settled, at least for one year. It is a transitional allowance." *Holland v. Holland*, 267 Ga. App. 251, 255 (599 SE2d 242) (2004) (citation and punctuation omitted).

In interrelated enumerations of error, Sanders argues that the probate court erred by: (1) failing to award her the Property outright as applied for in the petition; (2) evaluating what would constitute sufficient year's support; and (3) awarding a remainder interest in the property to Decedent's adult children.

If an interested person objects to a petition for year's support, the probate "court shall set apart an amount sufficient to maintain the standard of living that the

---

[2] Tevin did not file a response brief, although he was not required to under our Court rules. See Court of Appeals Rule 23 (b) ("Appellees are encouraged but, other than the State in a criminal case, are not required to file a brief.").

surviving spouse . . . had prior to the death of the decedent[.]" OCGA § 53-3-7 (c). However, "[i]f no objection is made after the publication of the notice, or, if made, is disallowed or withdrawn, the probate court *shall* enter an order setting apart as year's support the property applied for in the petition." OCGA § 53-3-7 (a) (emphasis supplied).

Although Tevin filed a caveat, the probate court dismissed the objection based on Tevin's failure to allege sufficient grounds to object to Sanders's petition for year's support. Because the probate court "disallowed" Tevin's objection, the court was required to "enter an order setting aside as year's support the property applied for in the petition." OCGA § 53-3-7 (a); see also *Lunsford v. Kersey*, 191 Ga. 738, 740 (13 SE2d 803) (1941) (applying prior version of year's support law, which required the return of appraisers and viewed the return as prima facie evidence of the amount necessary to support a petitioner, and approving of prior holdings that "unless objections are filed, . . . further duties on the part of the [probate court] are purely ministerial" and the probate court lacks jurisdiction to modify the return).

Based on the clear language in OCGA § 53-3-7 (a), the probate court was required to award Sanders the Property applied for in her petition for year's support. The court, however, granted Sanders's petition only in part — by giving her a life estate in the Property with a remainder interest to Decedent's adult children. Because the probate court found that no valid objection had been made to the petition for year's support, it lacked the authority to consider the amount sufficient for year's support or to shift this burden upon Sanders. Compare *In re Sessions*, 367 Ga. App. 426, 428-429 (886 SE2d 382) (2023) (finding no abuse of discretion where probate court awarded a life estate in the marital residence where Decedent's adult son from a prior marriage filed a valid objection to the petition); *Burkett v. Estate of Burkett*, 248 Ga. App. 719, 720 (548 SE2d 628) (2001) (affirming award of the value of a life estate in marital residence as year's support to widow following an objection by Decedent's adult child). "The language of OCGA § 53-3–7 (c)[3] indicates that the petitioner

[3]     If objection is made to the amount or nature of the property proposed to be set aside as year's support, the court shall . . . [take] into consideration the following: (1) The support available to the individual for whom the property is to be set apart from sources other than year's support . . . (2) The solvency of the estate . . . ; and (3) Such other relevant

shoulders this burden of proof only once [a valid] objection has been made." *Garren v. Garren*, 316 Ga. App. 646, 649 (3) (730 SE2d 123) (2012). Here, however, no valid objection existed after the probate court dismissed Tevin's objection to the petition.

We also note that, ordinarily, "[i]n the absence of a transcript, we must assume that the probate court's actions would be supported by the record." *Burkett*, 248 Ga. App. at 720. In this case, however, the probate court acknowledged in its order that it was only granting in part Sanders's petition for year's support. Because the probate court dismissed Tevin's objection, the court lacked the discretion under OCGA § 53-3-7 (a) in awarding Sanders the value of a life estate in the marital home with a remainder interest to Tevin and Terrence. Accordingly, we reverse the probate court's judgment.

*Judgment reversed. Rickman, P. J., and Davis, J., concur.*

---

criteria as the court deems equitable and proper. The petitioner for year's support shall have the burden of proof in showing the amount necessary for year's support.

OCGA § 53-3-7 (c).