41947. AXSON v. NATIONAL SURETY CORPORATION et al.
(327 SE2d 732)

GREGORY, Justice.

In early 1984 appellant, former Clerk of the Superior Court of Chatham County, was indicted on three counts of theft by conversion of Superior Court funds, and three counts of violation of oath by a public officer. Upon demand, appellee, the underwriter of appellant's public official bond, paid the full amount of appellant's bond to the Governor of the State of Georgia. Thereafter appellee filed suit against appellant to recover amounts so paid based on appellant's alleged agreement to indemnify appellee against any losses sustained in connection with the bond.

Appellee thereafter served appellant with certain interrogatories and requests for admissions. Appellant made no response to either discovery request, but instead filed a motion for protective order, asking that all discovery in the civil action be stayed pending outcome of the criminal proceedings against appellant. The trial court denied the motion for protective order and appellant filed an application for in-

terlocutory appeal to the Court of Appeals. That court denied the application to appeal and we granted certiorari.

Appellant argues that requiring him to respond to discovery in the civil case will undermine his Fifth Amendment privilege against self-incrimination, as he will have to "choose between his constitutional right to effectively defend himself in the criminal matter, and his equally compelling right to defend himself in the civil action."

The scope of discovery in a civil action is not without limitation. OCGA § 9-11-26 (b) (1) states, in pertinent part, "Parties may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action." (Emphasis supplied.) It is beyond question that a party may invoke his Fifth Amendment privilege to matters sought to be discovered in civil proceedings. *United States v. Kordel*, 397 U. S. 1 (90 SC 763, 25 LE2d 1) (1970); *McCarthy v. Arndstein*, 266 U. S. 34 (45 SC 16, 69 LE 158) (1924); *Savannah Surety Assoc., Inc. v. Master*, 240 Ga. 438 (241 SE2d 192) (1978). The issues before us in this case are the proper method of raising the Fifth Amendment to matters sought to be discovered, and the appropriate protection to be afforded matters to which the privilege is raised. Appellant maintains that only a protective order prohibiting all discovery in the civil case during the pendency of criminal proceedings against him can adequately insulate privileged matters. We disagree.

Rule 26 (b) of the Federal Rules of Civil Procedure, like OCGA § 9-11-26 (b) (1), provides that discovery may be had of any matter that is "not privileged." The Federal courts have held that where a party invokes the privilege against self-incrimination in discovery matters, he may not make a blanket refusal to answer all questions, but must specifically respond to every question, raising the privilege in each instance he determines necessary. *Guy v. Abdulla*, 58 FRD 1 (1973); *Nat. Life Ins. Co. v. Hartford Accident &c. Co.*, 615 F2d 595 (3rd Cir. 1980); *United States v. Roundtree*, 420 F2d 845 (5th Cir. 1970); *Jones v. B. C. Christopher & Co.*, 466 FSupp. 213 (DC Kan. 1979). Wright & Miller, Federal Practice and Procedure, § 2018, pp. 141-2. "The fifth amendment shields against compelled self-incrimination, not legitimate inquiry, in the truth-seeking process." *Nat. Life Ins. Co.*, 615 F2d at 598, supra. The party seeking discovery is then entitled to make a motion to compel discovery under FRCP 37 (a). (Compare OCGA § 9-11-37 (a).) It thereafter becomes the responsibility of the trial court to determine whether the refusal to respond to discovery is within the privilege claimed. Id.; *Guy v. Abdulla*, supra.

We think that this is a sound procedure. We hold that where a party asserts the Fifth Amendment privilege against self-incrimination to matters sought to be discovered, he must respond to each question asked, asserting the privilege to those questions he deems

necessary. Accordingly, the trial court was correct in denying appellant's motion for a blanket protective order. This is not to say that appellant may not now raise the privilege against self-incrimination during discovery.

A party is protected by the Fifth Amendment where the danger of incrimination is "real and appreciable." *United States v. Kordel,* supra, 397 U. S. at 9; McCormick, Evidence 2d ed., § 123, p. 263. A party may raise the Fifth Amendment to any interrogatories or requests for admissions, the answers to which "might be a link in an incriminating chain or provide a lead to other usable evidence." Wright & Miller, supra, § 2018 at p. 142. However, the fact that a party raises the privilege "does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified." *Hoffman v. United States,* 341 U. S. 479, 486 (71 SC 814, 95 LE 1118) (1951). Thus, if the party seeking discovery makes a motion to compel discovery, OCGA § 9-11-37 (a), the trial court must determine whether the privilege has been validly raised to each question. The trial court will not be able to effectively decide whether the privilege is validly raised unless there is a record of the questions propounded, including those to which the privilege has been asserted. In making the determination, the trial court should consider the implications of each question to which the privilege is raised and the setting in which it is asked. *Hoffman v. United States,* supra, 341 U. S. at 486-7. Where "questions are on their face innocent," the party raising the privilege "may be required to provide sufficient information on which the court may find that a real danger of incrimination exists." McCormick, Evidence 2d ed., § 139, p. 293. If the trial court determines the privilege has been properly raised, then the matter is not discoverable, OCGA § 9-11-26 (b) (1). If the trial court determines from all the circumstances that the danger of incrimination is not "real and appreciable," then the matter is subject to the attendant rules of discovery, including appropriate sanctions of OCGA § 9-11-37 (b) upon failure to comply with an order compelling a response to discovery.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED APRIL 3, 1985.

Jones, Bordeaux & Assoc., John Wright Jones, Noble L. Boykin, Jr., for appellant.

Brannen, Wessels & Searcy, Darlene Y. Ross, Lee & Clark, Fred S. Clark, for appellees.