DECISION
{¶ 1} Defendant-appellant, Perry R. Silverman ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting a default judgment in favor of plaintiff-appellee, Ohio Bar Liability Insurance Company ("appellee").
 {¶ 2} Appellant, a former Ohio attorney and sole shareholder, director, and officer of Perry R. Silverman Co., L.P.A., submitted an application for insurance to appellee on February 11, 2003. Later that year, appellee issued a professional liability insurance policy ("the policy"), to appellant with a policy year period of May 7, 2003 to May 7, 2004.
 {¶ 3} On February 27, 2003, Capital-Plus, a former client of appellant filed a civil lawsuit against appellant alleging that appellant deliberately and fraudulently failed to pay funds collected on behalf of Capital-Plus. As a result, appellant requested insurance coverage from appellee pursuant to the policy. On April 6, 2004, appellant was indicted by a Franklin County Grand Jury for theft in State v. Silverman, Common Pleas Court No. 04-CR-2338. The indictment was based on facts also alleged in the Capital-Plus litigation.
 {¶ 4} Subsequently, a dispute arose between appellant and appellee concerning appellee's obligation, if any, to defend appellant in the Capital-Plus lawsuit. Therefore, appellee filed a complaint for declaratory judgment in the Franklin County Court of Common Pleas. Appellee's complaint requested, in part, a declaration that because of appellant's actions, the policy is void, and appellee owes no duty to defend or indemnify appellant for any of the claims alleged in the Capital-Plus litigation. Appellant filed an answer denying the allegations in appellee's complaint, and a counterclaim alleging breach of contract, bad faith, and infliction of emotional distress.
 {¶ 5} Appellee noticed appellant for his deposition for December 29, 2004, at 9:30 a.m. On December 28, 2004, appellant filed a motion for protective order contending that the deposition involved matters privileged by the Fifth Amendment to the United States Constitution, and that the civil matter should be continued until the conclusion of his criminal case. Appellant did not appear at the December 29th deposition. Thereafter, appellant filed a notice of records deposition of Commerce National Bank to be held on January 10, 2005, at 1:00 p.m. While appellee and Capital-Plus appeared at the scheduled place and time, appellant did not. On January 12, 2005, appellee filed a response to appellant's motion for protective order and a motion to compel appellant to attend his deposition. In addition to filing memoranda regarding the motions for protective order and to compel, appellant filed a second motion to dismiss appellee's complaint, the first having already been denied by the trial court.
 {¶ 6} On April 12, 2005, the trial court issued an order denying appellant's motion to dismiss, denying appellant's motion for protective order, and granting appellee's motion to compel. The trial court stated that appellant "must appear for his deposition, [and that] he can only rely upon the Fifth Amendment to refuse to answer those questions where the answer to the question might tend to incriminate him." (Apr. 12, 2004 Entry at 4.) The trial court also rejected appellant's argument that the litigation should be stayed until the criminal case is concluded, recognizing that with appeals, it could be years until it is concluded. With respect to scheduling appellant's deposition, the trial court's order states, in part:
Counsel shall confer, and if possible, select an agreeable date for the deposition that shall occur within seven (7) days of the time stamped date on this entry unless Plaintiff agrees to a later date. If the parties are unable to agree on a date, Plaintiff may notice the deposition for a date of its choosing.
(Apr. 12, 2005 Entry at 1.)
 {¶ 7} After attempting to contact appellant via telephone on three different occasions, specifically, April 13, 15, and 18 of 2005, appellee noticed appellant's deposition for April 27, 2005, at 9:30 a.m. According to appellee, the U.S. Postal Service confirmed that the notice for deposition was delivered on April 21, 2005, and was signed for by P. Silverman. Yet, despite the trial court's order, appellant did not appear at the scheduled deposition.
 {¶ 8} On May 10, 2005, appellee moved for a default judgment on the grounds that appellant failed to obey the trial court's order and appear for his deposition. Appellant filed a memorandum contra, and appellee filed a reply. On August 4, 2005, after appellant failed to appear for the scheduled trial, the trial court granted appellee's motion for default judgment, and dismissed appellant's counterclaims. Appellant timely appealed, and asserts the following single assignment of error:
The trial court below erred to the prejudice of the appellant by granting summary judgment to the appellee as a sanction against appellant's non-appearance at his deposition, when the appellant had previously offered to attend such deposition at another time, and by overruling appellant's protective order motion.
 {¶ 9} A trial court enjoys considerable discretion in the regulation of discovery matters. Akers v. Ohio State Univ. Med.Ctr., Franklin App. No. 04AP-575, 2005-Ohio-5160 ¶ 7, citingManofsky v. Goodyear Tire Rubber Co. (1990),69 Ohio App.3d 663, 668. The decision whether or not to grant a protective order is within the trial court's discretion and will not be reversed absent an abuse of such discretion. Id., citing Ruwe v. Board ofSpringfield Twp. Trustees (1987), 29 Ohio St.3d 59, 61. An abuse of discretion connotes more than an error of law or of judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Tracey v. Merrel Dow Pharmaceuticals (1991),58 Ohio St.3d 147, 152.
 {¶ 10} Appellant argues that the trial court erred in denying his motion for protective order because he should have been allowed to invoke the Fifth Amendment privilege to temporarily stay his deposition. In support of his position, appellant relies on Anderson v. So. Guar. Ins. Co. of Georgia (1998),235 Ga. App. 306, in which a Georgia Court of Appeals held that under the particular circumstances of that case, because she expressed her willingness to answer the insurer's questions upon the conclusion of her criminal case, the insured had not breached her duty to cooperate with her insurer by refusing to answer specific questions, and invoking her Fifth Amendment right against self-incrimination. We find, however, that not only is Anderson
not binding authority upon this court, but also that appellant's reliance on it is clearly misplaced.
 {¶ 11} In Anderson, as in the instant case, the insured was a defendant in both civil and criminal proceedings, and the insurer, like appellee, sought a declaratory judgment that it did not have a duty to defend the insured in the civil action. This, however, is where the similarities end. The insured inAnderson, a defendant in civil and criminal proceedings resulting from an altercation, attended her noticed deposition, but refused to answer certain questions at the deposition through an assertion of her Fifth Amendment rights. The insured did not, as appellant here, ignore a court's order to attend a properly noticed deposition. Further, the court in Anderson did not state, as appellant suggests, that the civil proceeding should have been stayed pending the criminal case, and the court even discussed the general rule that there is "no unconstitutional infringement of the Fifth Amendment privilege by forcing an individual to risk disadvantage in a civil case by refusing to provide material facts for fear of self-incrimination in a pending criminal case." Id. at 311, citing Baxter v. Palmigiano
(1976), 425 U.S. 308, 96 S.Ct. 1551. In fact, the court went on to discuss that a court's granting of summary judgment would not constitute an undue penalty for the insured's invoking the privilege against self-incrimination. The court was persuaded, however, by additional factors that were present, such as, the insured's offer to cooperate at the conclusion of her criminal case, which the court found had terminated (including her appeal of conviction), and the insurer's failure to show an adverse impact from the delay.
 {¶ 12} Though carving out a factually specific exception, the court in Anderson noted that the Fifth Amendment right against self-incrimination does not extend to civil proceedings where the possibility of criminal proceedings exists. Further, regardless of the Georgia court's decision, Ohio law is clear that the protection against compulsory self-incrimination does not extend to prohibit civil litigation where the possibility of prosecution exists, nor does it require staying a related civil case until a criminal appeal is resolved. State ex rel. Verhovec v. Mascio
(1998), 81 Ohio St.3d 334; Urban v. State Med. Bd., Franklin App. No. 03AP-426, 2004-Ohio-104 (holding that the medical board did not abuse its discretion by not dismissing the action against appellant or staying the proceedings pending the disposition of the criminal appeal). In fact, this court addressed this precise issue in Eichenberger v. Sharp (Nov. 1, 1994), Franklin App. No. 94APE02-271. Finding that the trial court did not abuse its discretion in failing to grant a protective order, this court stated:
Here, appellant does not interpose his Fifth Amendment claim in response to specific questions proffered by appellees. Rather, appellant generally asserts the privilege as a ground for continuing the trial until the completion of the criminal trial. While the umbrella of the Fifth Amendment is broad, the prohibition against compulsory testimony does not relieve a party from appearing or answering questions in a civil action. SeeMurphy, supra. This court stated in Shrader that a party to a civil proceeding has no right to continue to assert his claim or defense against an adverse party, and at the same time, refuse to give pertinent testimony, not otherwise obtainable, material to the claim or defense of such adverse party.
Id.
 {¶ 13} Like the appellant in Eichenberger, appellant here attempted to rely on the Fifth Amendment privilege against self-incrimination to prevent his deposition, in toto. In ordering appellant to appear at his deposition, the trial court was not incognizant of appellant's concerns regarding self-incrimination. In fact, the trial court's order explicitly addressed this by stating that though appellant was ordered to appear at his deposition, he could rely on the Fifth Amendment to refuse to answer questions where there was a risk of potential self-incrimination. Upon review of the record in this case, we find no abuse of discretion in the trial court's denial of the requested protective order.
 {¶ 14} Likewise, we find no abuse of discretion in the trial court's granting of appellee's motion for default judgment, and dismissal of appellant's counterclaims under Civ.R. 37. Civ.R. 37(D) provides that if a party fails to appear before the officer who is to take his deposition, after being served with proper notice, the court may make such orders that are just, and may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of Civ.R. 37. Civ.R. 37(B)(2) provides that if a party fails to obey an order to provide or permit discovery, the court may make such orders in regard to the failure as are just, which include the following:
(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;[.]
 {¶ 15} It is within the trial court's discretion to determine the particular sanction to be imposed for the particular infraction committed with respect to failure to comply with the trial court's discovery orders. Toney v. Berkemer (1983),6 Ohio St.3d 455; Russo, supra. Because default judgments under Civ.R. 37(B)(2)(c) are the harshest of such sanctions, it has been held that such a drastic sanction should only be entered upon a showing that the failure to provide discovery is the result of willfulness or bad faith on the part of the sanctioned party. Malaco Construction, Inc. v. Dedger Jones (Aug. 24, 1995), Franklin App. No. 94APE10-1466. However, there is no requirement that the trial court employ "magic words" in its entry, if a review of the record will substantiate such conduct by the appellant. Id.
 {¶ 16} The record before us reveals that appellant failed to appear at the December 29, 2004 deposition[1] noticed by appellee, and failed to appear at the records deposition on January 10, 2005, noticed by appellant. Appellant then failed to appear for his deposition on April 27, 2005, even after the trial court ordered him to do so. Appellant concedes that the trial court ordered him to attend his deposition, but argues that the trial court did not tell him when to appear. We find that such argument is disingenuous. Rather than order a specific date and time for the deposition, the trial court explicitly afforded the parties an opportunity to select a mutually agreeable date for the deposition. The trial court's entry provided that the deposition was to occur within seven days of the court's entry, and that only after the parties were unable to agree on a date for the deposition could appellee select a date of its choosing.
 {¶ 17} Appellee supplied an affidavit from its counsel indicating, that on three different occasions, counsel for appellee attempted to contact appellant via telephone, and left messages, to schedule the deposition, but that appellant did not return any of the phone calls. After the failed attempts to contact appellant, appellee noticed appellant for the deposition on April 27, 2005. However, rather than follow the trial court's directives, appellant merely failed to appear, not only for the properly noticed deposition, but also for the scheduled trial on August 4, 2005. Appellant argues repeatedly that appellee's motives underlying the discovery process were to manipulate the process so as to place appellant at a disadvantage, and that appellee "recruited the trial court to legitimize appellee's own bad faith conduct." (Appellant's Reply Brief at 1.) However, it appears from the record that it is, in fact, appellant's own conduct, that not only compelled the trial court's rulings in this case, but also gave rise to the underlying litigation. Appellant's own authority recognized this scenario when it stated:
[T]he dilemma of which Anderson complains was of her own making. Anderson cannot wield her Fifth Amendment privilege as a shield and a sword by demanding coverage and a defense under the insurance contract, while at the same time refusing to answer questions material to determining Southern Guaranty's duties under the contract. In the present declaratory judgment action, Anderson is not in the position of the usual defendant involuntarily brought into a civil case, then forced to confront the dilemma of surrendering the privilege against self-incrimination or suffering an adverse judgment. Rather, Anderson's demands for insurance coverage and a defense of the suit place her in a position more akin to that of a plaintiff who creates her own dilemma by bringing a civil action to enforce a contract, and who then refuses to provide information material to the defendant's defense by asserting the Fifth Amendment privilege.
Anderson, at 311. (Citations omitted.)
 {¶ 18} Given the record in this case, we find no abuse of discretion in the trial court's granting of a default judgment, and the dismissal of appellant's counterclaims pursuant to Civ.R. 37.
 {¶ 19} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Petree and Brown, JJ., concur.
[1] We note that appellant did file a motion for protective order on December 28, 2004 regarding the December 29, 2004 deposition; however, there was no ruling by the trial court until after December 29.