**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and SELF, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 21, 2018**

# In the Court of Appeals of Georgia

A18A0126. AUSTIN v. NAGAREDDY et al.                    SE-004

SELF, Judge.

In this interlocutory appeal, John Austin appeals from the trial court's order granting Narendra Nagareddy, M. D., and Psychiatry Associates of South Atlanta, P. C.'s (collectively "the defendants") motion to stay his civil action against them until the conclusion of a trial in a criminal case in which Nagareddy had been indicted for parallel allegations. Austin contends that the trial court erred by (1) entering a stay, and (2) applying it to a corporate defendant, which has no constitutional privilege against self-incrimination. For the reasons explained below, we vacate the trial court's order and remand this case with direction.

The record shows that on February 19, 2016, Austin filed a complaint for damages against the defendants following the death of his wife on February 23, 2014,

from a drug overdose. Austin asserted that Dr. Nagareddy prescribed "a dangerous combination of multiple high-dose addictive drugs," including methadone, Xanex, Ambien, and Adderall. By "inappropriately prescribing multiple addictive drugs to Audrey Austin, Dr. Nagareddy created the conditions that allowed her overdose." The complaint, as later amended, asserted that Psychiatry Associates of South Atlanta, P. C. was liable based upon "the negligence of its agent, employee and/or principal . . . under respondeat superior, partnership law and/or agency law." (Punctuation omitted.) The defendants answered the complaint and promptly served requests for production of documents to numerous non-party pharmacies and health care providers, as well as interrogatories, a request for production of documents, and a deposition notice upon Austin.

On November 2, 2016, the trial court entered a consent order to extend discovery through February 3, 2017, based upon the parties' representation that they were "working diligently to complete discovery in this case." A status conference was scheduled for February 7, 2017. On March 9, 2017, the trial court specially set the case for a jury trial beginning on October 23, 2017. On April 12, 2017, Austin noticed a video deposition of Dr. Nagareddy for May 1, 2017, even though the discovery period had apparently expired.

2

The following day, the defendants moved for a stay of the civil action pending the outcome of a criminal case that had been filed against Dr. Nagareddy during the pendency of the civil action. They attached to their motion a May 18, 2016, 62-count indictment against Dr. Nagareddy in Clayton County Superior Court, which included one felony murder count relating to the death of Audrey Austin, as well as three counts relating to the unauthorized distribution of controlled substances to her. They alleged in their motion that Dr. Nagareddy had pled not guilty in the criminal case, that pending motions in the criminal case were scheduled for a hearing, and that the criminal case was unlikely to be tried before the October 23, 2017, trial date in the civil case. They requested a stay because Dr. Nagareddy was "in the impossible position of having to defend himself in th[e] civil matter before the Clayton County prosecution comes to trial and, in all likelihood, having to invoke his Fifth Amendment privilege before a civil jury, which would be allowed to draw an adverse inference."

The trial court held a hearing on the motion to stay, "weigh[ed] the interests and prejudices to each party," and granted the motion for a stay "until the conclusion of the criminal trial." Due to a dearth of Georgia precedent on the issue, the trial court looked to "federal law for guidance."

3

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." (Citations and punctuation omitted.) *Bloomfield v. Ligget & Myers* 230 Ga. 484 (198 SE2d 144) (1973). We review a trial court's decision to grant a motion to stay for abuse of discretion. *Bloomfield v. Liggett & Myers*, 129 Ga. App. 141 (198 SE2d 906) (1973).

To support his claim that the trial court abused its discretion by granting a stay, Austin points to three Georgia decisions addressing a stay of discovery. See *Axson v. Nat. Surety Corp.*, 254 Ga. 248 (327 SE2d 732) (1985); *Chumley v. State of Ga.*, 282 Ga. App. 117 (637 SE2d 828) (2006); *Dempsey v. Kaminsky Jewelry*, 278 Ga. App. 814 (630 SE2d 77) (2006). The common thread in each of these cases is that "where a party invokes the privilege against self-incrimination in discovery matters, he may not make a blanket refusal to answer all questions, but must specifically respond to every question, raising the privilege in each instance he deems necessary." *Axson*, 254 Ga. at 249. Accordingly, "a merely conclusory allegation that any and all discovery would prejudice the criminal investigation, without more, would frustrate

4

legitimate discovery, as would either an unreasonable or indefinite stay" of discovery. *Chumley*, 282 Ga. App. at 120 (1) (affirming trial court's denial of defendant's motion for protective order seeking to stay all discovery). These cases do not control the outcome in this case, however, because the defendants made no attempt to stay discovery. Indeed, the record before us shows that the discovery period expired before the plaintiff propounded any discovery to Dr. Nagareddy.

As there are no Georgia cases addressing the particular issue now before us, we will examine how federal courts and our sister states determine whether a stay of the entire action is appropriate. We begin by recognizing "that there is no unconstitutional infringement of the Fifth Amendment privilege by forcing an individual to risk disadvantage in a civil case by refusing to provide material facts for fear of self-incrimination in a pending criminal case." *Anderson v. Southern Guar. Ins. Co.*, 235 Ga. App. 306, 311 (508 SE2d 726) (1998). "Thus, whether to stay a civil action pending resolution of a parallel criminal prosecution is not a matter of constitutional right, but, rather, one of court discretion, that should be exercised when the interests of justice so require." *Acala v. Webb County*, 625 FSupp.2d 391, 396 (S. D. Tex. 2009).

In one of the first cases to address the circumstances under which a trial court should exercise its discretion to say a civil action, a federal district court judge held that whether to stay a civil action by reason of a pending criminal action involved a balancing test and articulated the following interests to be considered:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Golden Quality Ice Cream Co. v. Deerfield Specialty Papers*, 87 FRD 53, 56 (I) (E. D. Pa. 1980). In *Trustees of the Plumbers & Pipefitters Natl. Pension Fund v. Transworld Mechanical*, 886 FSupp. 1134 (S. D. N. Y. 1995), the district court formulated a somewhat different test composed of the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

(Footnote omitted.) Id. at 1139 (I). Some sister states also look to the timing of the motion to stay. *Hardiman v. Cozmanoff*, 4 NE3d 1148, 1153, n. 3 (Ind. App. 2014); *Ex parte Ebbers*, 871 So2d 776, 791 (Ala. 2003). While corporate defendants do not have a Fifth Amendment privilege against self-incrimination, federal district courts have exercised discretion to grant a complete stay of civil actions when an individual defendant's privilege under the Fifth Amendment is implicated. See, e. g., *Trustees of the Plumbers & Pipefitters*, 886 FSupp. at 1141 (I) (B) (granting stay of action with individual and corporate defendants); *Wimbledon Fund, SPC v. Graybox, LLC*, No. CV15-6633-CAS (AJWx), 2017 U.S. Dist. LEXIS 5517 at *12-13, 19 (C. D. Cal. 2017) (same).

As the Second Circuit sagely recognized,

> [t]hese tests, . . . no matter how carefully refined, can do no more than act as a rough guide for the [trial] court as it exercises its discretion. They are not mechanical devices for churning out correct results in overlapping civil and federal proceedings, replacing the [trial] court's studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court. . . . Even if [an appellate court] were to choose or formulate a test and apply it, [it] would not be able to reverse the district court solely because [it] disagreed with its application of the test.

7

*Louis Vuitton Malletier v. LY USA*, 676 F3d 83, 99 (II) (B) (2nd Cir. 2012).

1. Austin asserts that the trial court erred because it misapprehended the prejudicial impact of Dr. Nagareddy fully testifying in the civil case when it balanced the competing interests to grant a stay in this case. In its order granting the stay, the trial court stated: "If Defendant [chooses] to fully testify in this matter, he will waive the right to assert his Fifth Amendment right in the pending criminal matter." But "[i]t is settled by the overwhelming weight of authority that a person who has waived his privilege of silence in one trial or proceeding is not estopped to assert it as to the same matter in a subsequent trial or proceeding." *In re Neff*, 206 F2d 149, 152 (3d Cir. 1953). See also *Anderson*, supra, 235 Ga. App. at 310) (party's "election to testify in the prior criminal trial did not waive her right under the Fifth Amendment in [declaratory judgment] action"). Instead, a person who waives his privilege of silence in a civil case risks that testimony in the civil case will be admissible in the criminal case. See *Brown v. State*, 256 Ga. App. 603, 610 (2) (568 SE2d 727) (2002). In this case, the trial court linked the exercise of its discretion to stay the case to a stated desire to avoid "requiring Defendant to wa[i]ve his Fifth Amendment rights in the criminal matter." As this exercise of discretion was based upon an erroneous view of the law, we must vacate the trial court's order and remand this case to the trial

8

court to exercise its discretion on the motion with the correct view of the interests at stake. See, e. g., *Rowe Dev. Corp. v. Akin & Flanders*, 240 Ga. App. 766, 770 (3) (525 SE2d 123) (1999).

2. Our holding Division 1 renders Austin's enumeration of error with regard to the corporate defendant moot.

*Judgment vacated and case remanded with direction. Miller, P. J., and Andrews, J., concur*.